Battle, J.
 

 No bill of exceptions has been sent up with the record, and we are therefore confined to the objections urged against the sufficiency of the bill of indictment, upon the motion in arrest of judgment. These objections are:
 

 1st. That the prisoner, Tom, is not alleged to be a male.
 

 2nd. That Mary A. Gribble, though stated to be a white female, is not alleged to be a white female of the human species : and
 

 3rd. That the felonious assault is charged to have been made with an “intention” instead of “intent’ to commit the rape.
 

 In the first two particulars objected to, the present indictment, conforms to that in the case of the
 
 State
 
 v.
 
 Jesse,
 
 2 Dev. and Bat. Rep. 297, which came before this Court, upon a motion to arrest, for a defect in the indictment. The motion was sustained, because the bill of indictment did not charge the assault to have been felonious, but neither of the objections, now urged, were noticed by the counsel or the Court.
 

 Certainty to a certain extent in general is all that is required in an indictment; and we think, to that extent the present indictment is sufficiently certain. Arch. cr. pi. 44. If that be not so at common law, we cannot doubt that under the Act of 1811, (1 Eev. Stat. ch. 35, sec. 12) it would be deemed a refinement to say, it did not sufficiently appear that Tom, who is charged with an intent to commit a rape, was a man, or
 
 *416
 
 that Mary A. Cribble was a white female of the human species.
 

 The remaining objection is, that the word. “ intention” is used instead of “ intent,” which is the word mentioned in the Statute creating the offense: 1 Rey. Stat. ch. Ill, sec. 18. In favor of this objection, the case of the
 
 State
 
 v. Martin, 3 Dev. Rep. 329, is mainly relied upon. There the charge in the bill of indictment, founded on the same Statute, was, that the prisoner “ did feloniously
 
 attempt
 
 to ravish,” &c. In all other respects it was like the one now under consideration ; which tends further to show that it has not been usual, and is not necessary, to state expressly the sex of the prisoner or the species of his victim. In deciding to arrest the judgment for the substitution of the word “attempt” in the place of
 
 “
 
 intent,” the Court uses the following language: “ It is a safe rule, therefore, to follow the words of the Statute; and because it is safe, the courts have adopted it. If one departure be allowed, it cannot be told how far astray it may lead us. Rut independently of that consideration, it is the duty of the Court to require all pleadings to be expressed in terms as brief and apt as possible. There can be none to denote the intent more apt than that word
 
 intent
 
 itself. It is the language of the common Law — of Statutes — of pleading. It is perfectly understood and ought to be retained. It is said by Lord ElleN-boeougii, in
 
 Rex
 
 v.
 
 Phillips,
 
 6 East 472, to be the proper word to convey the specific allegation of intent. It is found in all the precedents within our reach ; and there is no other term so expressive and precise. Here the word
 
 attempt
 
 has been used in its stead.
 
 We
 
 should be justified in rejecting it upon the sole ground, that it is not the word of the Statute. But it is not even synonomous.
 
 Intent
 
 referred to an act, denotes a state of the mind with which the act is done.
 
 Attempts
 
 expressive rather of a moving towards doing the thing, than of the purpose itself. An attempt is an overt act itself. An assault is an attempt to strike,’ and is very different from a mere intent to strike. The Statute make a'particular intent, evinced by a particular act, the crime. That purpose and
 
 *417
 
 that act cannot be so well, nor Sufficiently described, as by the words of the Statute itself.” Were we at liberty to decide the present case, upon the principles of the common law alone, unaffected by any Statute, we might,
 
 in favorem vitos,
 
 feel ourselves bound by the above adjudication, or rather, by the course of reasoning by which it is supported, as an authority which'we could not disregard. We might, therefore, rest upon it, and hold that no word, not even one of the same meaning, could be substituted, in an indictment upon the Statute in question, for the word
 
 intent.
 
 But we cannot shut our eyes to the fact, that the Act of 1811, to which we hav e already referred, declares that “ no bill of indictment or presentment shall be quashed, or judgment arrested, for or by reason of any informality or refinement, where there appears to the court sufficient in the face of the indictment to induce them to proceed to judgment.” What is meant by an informality, we are informed by the Court in deciding the case of the
 
 State
 
 v. Gallimore, 2 Ire. Rep. 372. It is there defined to be “ a deviation in charging the necessary facts and circumstances .constituting the offense, from the well approved forms of expression, and a substitution in lieu thereof,of other terms, which nevertheless make the charge in as plain, intelligible and explicit language. Such a deviation is always dangerous, but, by means of such a substitution, it may be rendered a mere informality which is cured by the Statute.” The deviation in the case now under consideration, consists solely in the substitution of the word “.intention” for the word
 
 “
 
 intent.” In Walker’s dictionary the two primary definitions of these words are the same, to wit,
 
 “
 
 design,” “ purpose.” Can the Court say, then, that a charge of a felonious assault made with the “ intention” to commit a rape, i. e., with the design or purpose to commit a rape, is different from a charge of an assault made with the
 
 “
 
 intent” to commit a rape, i. e., with a design or purpose to commit a rape ? The bare statement of the proposition shows its absurdity.
 

 We are, therefore, constrained to declare, that we cannot discover any error in the record, and our opinion mustbecer-
 
 *418
 
 tilled to the Superior Court of the county of Iredell, to the end that that Court may proceed to pronounce the sentence of the law upon the prisoner.
 

 Pee CubiaM. Judgment affirmed.